# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MARK S. FORNI,

      Plaintiff,

v.                                                                    No. CV 08-0850 MV/WPL

ANDY LUNA,
DONA ANA COUNTY SHERIFF DEPT,

      Defendants.

## MEMORANDUM OPINION AND ORDER

      This matter comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review Plaintiff's civil rights complaint filed on September 17, 2008. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons stated below, the Court will dismiss certain of Plaintiff's claims.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

      The Complaint alleges that Plaintiff suffered serious injuries when Defendant Luna used excessive force on him during an arrest. Plaintiff claims that Luna's actions violated certain of his

constitutional protections. He seeks damages and equitable relief.

The complaint also names the Dona Ana County Sheriff Department as a Defendant. Plaintiff makes no allegations against this Defendant affirmatively linking the Department or the County to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a governmental entity may not be based solely on a theory of respondeat superior liability for the actions of workers employed by the entity. *See id.*; *Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (requiring allegation of municipal policy or custom as moving force behind violation). The Complaint contains no allegations against the Sheriff Department, and the Court will dismiss Plaintiff's claims against this Defendant.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Dona Ana County Sheriff Department are DISMISSED with prejudice, and Defendant Dona Ana County Sheriff Department is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint, for Defendant Luna.

_____
UNITED STATES DISTRICT JUDGE